UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRED LEON MARTINEZ, | ) | 1:05-CV-0964 LJO JMD HC |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| v. | ) | REGARDING PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS |
| | ) | |
| DARREL G. ADAMS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Fresno County Superior Court. (Answer at 1.) A jury convicted him of one count of first degree burglary and one count of misdemeanor vandalism. (Answer at 1-2.) He admitted one prior strike conviction, a prior serious felony conviction, and three prior prison terms. (Answer at 2.) The trial court sentenced Petitioner to ten years in state prison. (Id.)

Petitioner filed an appeal in the California Court of Appeal. On March 1, 2005, the court affirmed the judgment in a reasoned opinion. (Lodged Docs. 1-3.)

Petitioner filed a petition for review in the California Supreme Court. On May 11, 2005, the court summarily denied review. (Lodged Docs. 4-5.)

On July 27, 2005, Petitioner filed the instant petition in this Court. The petition raises the following four grounds for relief, all of which are based on the alleged ineffective assistance of trial counsel: 1) counsel failed to request a jury instruction on the lesser related offense of trespass; 2) counsel failed to properly investigate and present evidence that the garage was detached; 3) counsel failed to request a jury instruction on second degree burglary; and 4) counsel abandoned Petitioner during closing argument by admitting that he had committed the crime of trespass.[1]

On June 20, 2007, Respondent filed an answer to the petition.

On July 6, 2007, Petitioner filed a traverse to the answer.

## FACTUAL BACKGROUND[2]

Petitioner was observed walking away from a garage carrying an object later identified as a bolt cutter. He returned to the garage, entered, and left the door slightly ajar. The witness closed the door completely, locked it, and asked someone to call the police. Petitioner began yelling and screaming and trying, unsuccessfully, to escape. The officers arrested Petitioner and recovered the bolt cutter.

Petitioner was charged with first degree burglary and felony vandalism. The information also alleged Petitioner suffered one prior conviction that constituted a "strike" within the meaning of section 667, subdivisions (b) to (i), one prior conviction within the meaning of section 667, subdivision (a)(1) (five-year enhancement), and three prior convictions within the meaning of section 667.5, subdivision (b) (one-year enhancement).

Petitioner admitted entering the garage but claimed he merely was looking for a place to sleep. He claimed his fingerprint was found on the bolt cutter because he discovered it lying on the ground and reached down and touched it but did not pick it up because he "had no use" for it.

The jury found Petitioner guilty of residential burglary and not guilty of felony vandalism, but guilty of the lesser included offense of misdemeanor vandalism. Petitioner waived his right to a trial

---

[1] On March 8, 2007, while this petition was pending, Petitioner filed a petition for writ of habeas corpus in the Fresno County Superior Court raising claims not being advanced here. On March 23, 2007, the court denied the petition in a reasoned opinion. (Lodged Docs. 6-7.)

[2] The facts are derived from the factual summary set forth by the California Court of Appeal in its opinion of March 1, 2005 and are presumed correct. 28 U.S.C. §§ 2254(d)(2), (e)(1); Lodged Doc. 3.

on the priors and admitted each of them.  The trial court sentenced him to the mitigated term of two years for the burglary, doubled because of the strike prior, and enhanced the sentence for five years pursuant to section 667, subdivision (a)(1), and one year pursuant to section 667.5, subdivision (b).  The trial court struck the two remaining section 667.5, subdivision (b) priors and sentenced Petitioner to time served for the misdemeanor vandalism charge.  The total sentence was 10 years in state prison.

## DISCUSSION

### I.  Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution.  In addition, the conviction challenged arises out of the Fresno County Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

### II.  Legal Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act which became effective on April 24, 1996.  Lockyer v. Andrade, 538 U.S. 63, 70 (2003).

1  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of
2  the claim "resulted in a decision that was contrary to, or involved an unreasonable application of,
3  clearly established Federal law, as determined by the Supreme Court of the United States" or
4  "resulted in a decision that was based on an unreasonable determination of the facts in light of the
5  evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer, 538 U.S. at
6  70-71; see Williams, 529 U.S. at 413.

7  As a threshold matter, this Court must "first decide what constitutes 'clearly established
8  Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71,
9  *quoting* 28 U.S.C. § 2254(d)(1). In ascertaining what is "clearly established Federal law," this Court
10 must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time
11 of the relevant state-court decision." Id., *quoting* Williams, 592 U.S. at 412. "In other words,
12 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set
13 forth by the Supreme Court at the time the state court renders its decision." Id.

14 Finally, this Court must consider whether the state court's decision was "contrary to, or
15 involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72,
16 *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant
17 the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a
18 question of law or if the state court decides a case differently than [the] Court has on a set of
19 materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72.
20 "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court
21 identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies
22 that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

23 "[A] federal court may not issue the writ simply because the court concludes in its
24 independent judgment that the relevant state court decision applied clearly established federal law
25 erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A
26 federal habeas court making the "unreasonable application" inquiry should ask whether the state
27 court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

28 Petitioner has the burden of establishing that the decision of the state court is contrary to or

1  involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle,
2  94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states,
3  Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court
4  decision is objectively unreasonable. See Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.
5  1999).
6        AEDPA requires that we give considerable deference to state court decisions. The state
7  court's factual findings are presumed correct, 28 U.S.C. § 2254(e)(1), and we are bound by a state's
8  interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir. 2002), *cert. denied*,
9  537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

10 **III.  Review of Petitioner's Claims**
11     **A.  Ground One**
12       Petitioner argues that his counsel was ineffective in not requesting a jury instruction on the
13 lesser related offense of trespass.
14       This claim was presented in an appeal to the California Court of Appeal, which affirmed the
15 judgment in a reasoned opinion. (Lodged Docs. 1-3.) The issue was then raised in a petition for
16 review to the California Supreme Court, which summarily denied review. (Lodged Docs. 4-5.) The
17 California Supreme Court, by its "silent order" denying review, is presumed to have denied the
18 claims presented for the same reasons stated in the opinion of the lower court. Ylst v. Nunnemaker,
19 501 U.S. 797, 803 (1991).
20       In rejecting Petitioner's claim, the Court of Appeal found that counsel made a reasonable,
21 tactical decision to forego requesting the trespass instruction in an attempt to obtain a complete
22 acquittal. The court further found that Petitioner failed to show prejudice as there was no evidence
23 that the prosecution would have agreed to a trespass instruction or that the jury was likely to find that
24 only a trespass occurred. (Lodged Doc. 3 at 3-5.)
25       The law governing ineffective assistance of counsel claims is clearly established for the
26 purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d). Canales v. Roe, 151
27 F.3d 1226, 1229 (9th Cir. 1998). In a petition for writ of habeas corpus alleging ineffective
28 assistance of counsel, the court must consider two factors. Strickland v. Washington, 466 U.S. 668,

687 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994). First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. The petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances. Id. at 688; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995). Judicial scrutiny of counsel's performance is highly deferential. A court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 687; Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir. 1994).

Second, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result ... would have been different." Strickland, 466 U.S. at 694. Petitioner must show that counsel's errors were so egregious as to deprive the defendant of a fair trial, one whose result is reliable. Id. at 688. The court must evaluate whether the entire trial was fundamentally unfair or unreliable because of counsel's ineffectiveness. Id.; Quintero-Barraza, 78 F.3d at 1345; United States v. Palomba, 31 F.3d 1356, 1461 (9th Cir. 1994).

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. Strickland, 466 U.S. at 697. Since the defendant must affirmatively prove prejudice, any deficiency that does not result in prejudice must necessarily fail. However, there are certain instances which are legally presumed to result in prejudice, e.g., where there has been an actual or constructive denial of the assistance of counsel or where the State has interfered with counsel's assistance. Strickland, 466 U.S. at 692; United States v. Cronic, 466 U.S. 648, 659 & n.25 (1984). Ineffective assistance of counsel claims are analyzed under the "unreasonable application" prong of *Williams v. Taylor*, 529 U.S. 362 (2000). Weighall v. Middle, 215 F.3d 1058, 1062 (9th Cir. 2000).

The state court's determination was not unreasonable as Petitioner has failed to show deficient performance by counsel or prejudice. Defense counsel's strategy, as shown by his closing argument, was to obtain a complete acquittal by admitting that Petitioner committed the uncharged

crime of trespass, but convincing the jury that Petitioner lacked the mental state required for burglary when he entered the garage. (See RT at 142, 145.) Counsel was not deficient as his attempt to obtain a complete acquittal was a reasonable, tactical decision under the circumstances. See Rutherford v. U.S., 242 Fed.Appx. 427, 428 (9th Cir. 2007) (rejecting ineffective assistance claim where trial attorney's failure to call a witness was a defensible, tactical decision); Bashor v. Risley, 730 F.2d 1228, 1241 (9th Cir. 1984) (rejecting ineffective assistance claim where counsel made a reasoned, tactical decision to forego a negligent homicide instruction in an attempt to obtain an outright acquittal).

Petitioner has also not shown prejudice resulting from counsel's failure to request a trespass instruction. Under California law, Petitioner was not entitled to an instruction on the lesser related offense of trespass, even if requested by defense counsel, unless the prosecution agreed. People v. Birks, 19 Cal.4th 108, 136-37 & n.19 (1998). There is no evidence that the prosecution would have agreed to such a request. Further, even if the instruction was given, Petitioner has not shown a reasonable probability of a different result as there was significant evidence demonstrating he entered the garage with the intent to steal rather than simply to sleep. This evidence included that the garage was 112 degrees, Petitioner had turned on a bright light inside the garage, and a witness saw Petitioner carrying the bolt cutters that were used to cut the lock off the garage, which contradicted Petitioner's claim that he decided to sleep in the garage because he noticed it did not have a lock. (RT at 38-44, 49, 62-64, 69, 81.)

**B. Grounds Two, Three, and Four**

Petitioner argues that his counsel provided ineffective assistance by 1) failing to properly investigate and present evidence that the garage was detached; 2) failing to request a jury instruction on second degree burglary; and 3) abandoning Petitioner during closing argument by admitting that he committed the crime of trespass.

Petitioner did not present any of these claims in his appeal to the California Court of Appeal or in his state habeas petition to the Fresno County Superior Court. (See Lodged Docs. 1, 6.) He also did not present the claims in his petition for review to the California Supreme Court, with the exception of the failure to investigate claim which was briefly mentioned. (Lodged Doc. 4 at 3.)

1  Petitioner has therefore failed to properly exhaust any of the three claims by fairly presenting them to
2  each of the appropriate state courts. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (stating that, before
3  seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies by
4  presenting his claim "in each appropriate state court"); see Casey v. Moore, 386 F.3d 896, 918 (9th
5  Cir. 2004) ("Because we conclude that Casey raised his federal constitutional claims for the first and
6  only time to the state's highest court on discretionary review, he did not fairly present them.").

"An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). The Ninth Circuit has interpreted section 2254(b)(2) to allow a federal court to deny an unexhausted petition on the merits "only when it is perfectly clear that the applicant does not raise even a colorable federal claim." Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005).

Here, it is perfectly clear that Petitioner's three claims do not raise even a colorable federal claim. As stated above, Petitioner must show deficient performance by counsel and prejudice. Strickland v. Washington, 466 U.S. 668, 687, 691-92 (1984).

Ground Two

Petitioner claims that counsel failed to properly investigate and present evidence that the garage was detached. Counsel did, however, obtain a stipulation from the prosecutor that the police report described the garage as detached. (RT at 117-19.) Further, the record shows that pictures of the garage were introduced into evidence and viewed by the jury. (RT at 42-43, 53-54, 57-58.) Two residents of the units also testified regarding the garage's relationship to the residences, explaining that the garage shared a common wall with Mr. Arroyo's bedroom and that access to the garage was through a common, gated walkway from the living units. (RT at 35, 37, 44, 53-54.) The Court of Appeal even noted that there was "ample evidence" presented that would have supported a finding that the garage was detached from the dwelling. (Lodged Doc. 3 at 4-5.) Petitioner has not identified anything further counsel should have done to conduct a proper investigation of the garage or any further evidence that could have been presented. He has therefore failed to raise a colorable claim of deficient performance or prejudice.

Ground Three

Petitioner argues that counsel was ineffective in failing to request a jury instruction on second degree burglary. The record, however, shows that the court did instruct the jury with CALJIC 14.50, 14.51, and 14.52. These instructions set forth the elements of burglary, defined the degrees of burglary including second degree burglary, and defined what constitutes an inhabited building for purposes of first degree burglary. (See RT 104-05, 128-30.) Petitioner has not raised a colorable claim of ineffective assistance as he has not identified any further instructions regarding second degree burglary that should have been given.

Ground Four

Petitioner argues that counsel provided ineffective assistance by admitting during closing argument that Petitioner committed the crime of trespass. Petitioner admitted in his own testimony, however, that he had entered the garage to sleep, thereby admitting that he committed a trespass. (RT at 62-65.) Further, the defense being asserted on behalf of Petitioner was that he lacked the mental state required for burglary because he only entered the garage to sleep. (RT at 142, 145.) Counsel could not put on such a defense without acknowledging that Petitioner committed the uncharged crime of trespass. Petitioner has therefore failed to raise a colorable claim of ineffective assistance.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for Respondent.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the

1 objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
2 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may
3 waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5 <u>IT IS SO ORDERED.</u>

6 **Dated:   September 3, 2008                    /s/ John M. Dixon**
  9f4gk8                                         UNITED STATES MAGISTRATE JUDGE